UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

O.M., on behalf of herself and her minor child, L.P.,

                                    Plaintiffs,

- against -

NYC DEPARTMENT OF EDUCATION, NYC BOARD OF EDUCATION, CHANCELLOR DAVID BANKS IN HIS OFFICIAL CAPACITY, AND THE CITY OF NEW YORK,

                                    Defendants.

Civ. No. 23-4446 (JAV)(GWG)

SO-ORDERED STIPULATION OF SETTLEMENT AND DISMISSAL

---

      **WHEREAS**, on or about July 5, 2022, Plaintiff O.M. (the "Parent"), on behalf of her child L.P. (the "Student") (collectively, the "Plaintiffs"), commenced an administrative proceeding against Defendant the New York City Department of Education ("DOE") alleging, *inter alia*, that the Student did not receive a free appropriate public education ("FAPE") for the 2022-2023 school year ("SY") in violation of the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), which proceeding was designated Impartial Hearing ("IH") Case No. 228510;

      **WHEREAS**, on or about November 17, 2022, the Impartial Hearing Officer ("IHO") issued a Findings of Fact and Decision in IH Case No. 228510 ("2022 FOFD"), finding that DOE did not provide a FAPE to the Student during the 2022-2023 SY and awarding, *inter alia*, compensatory relief for missed feeding therapy services owed pursuant to the IDEA's "pendency" provision, 20 U.S.C. § 1415(j), an educational program that includes home-based

feeding therapy, occupational therapy ("OT"), and applied behavioral analysis ("ABA"), and direct funding of the Student's private school tuition;

**WHEREAS,** DOE partially appealed the 2022 FOFD to the New York State Education Department's State Review Office ("SRO"), which appeal was designated SRO No. 22-176, and requested, *inter alia*, that the SRO reverse those portions of the 2022 FOFD which had awarded compensatory feeding therapy and a home-based program of related services;

**WHEREAS,** on or about January 26, 2023, the SRO issued a Decision (the "SRO Decision") modifying and reversing those portions of the 2022 FOFD which had awarded compensatory feeding therapy and a home-based program of related services;

**WHEREAS,** on or about July 3, 2023, Plaintiffs commenced an administrative proceeding against DOE alleging, *inter alia*, that the Student did not receive a FAPE for the 2023-2024 SY in violation of the IDEA, which proceeding was designated IH Case No. 249853;

**WHEREAS,** on May 26, 2023, Plaintiffs commenced this action (the "Federal Action") in the Southern District of New York against Defendants DOE, the New York City Board of Education, and Chancellor David Banks in his official capacity (collectively, "Defendants"), seeking reversal of the SRO Decision, asserting individual allegations concerning the 2022-23 SY and systemic allegations concerning DOE's provision of feeding therapy services and compliance with pendency requirements, and claiming entitlement to declaratory and injunctive relief pursuant to, *inter alia*, the IDEA, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983;

**WHEREAS,** by stipulation dated August 30, 2023, the parties, *inter alia*, (1) agreed that the Student's entitlement to pendency services would continue during the pendency of the Federal Action, and is based on the Findings of Fact dated March 3, 2021, issued in IH Case No. 196444; (2) noted their disagreement as to which party is responsible for implementing feeding

therapy services to which the Student is entitled under pendency (the Student's "Pendency Feeding Therapy"); (3) agreed to certain steps that each party would take with respect to the Student's Pendency Feeding Therapy; and (4) agreed to extend Plaintiffs' deadline to file an amended complaint to September 11, 2023;

**WHEREAS**, on September 11, 2023, Plaintiffs filed an Amended Complaint in the Federal Action, propounding additional and amended allegations;

**WHEREAS**, on September 11, 2023, Plaintiffs moved for a temporary restraining order and preliminary injunction requiring Defendants to implement the Student's Pendency Feeding Therapy (the "TRO-PI Motion");

**WHEREAS**, on or about September 18, 2023, IH Case No. 249853, concerning the 2023-2024 SY, was withdrawn without prejudice;

**WHEREAS**, on September 26, 2023, the Court held a hearing concerning the TRO-PI Motion during which it advised that it would issue a preliminary injunction requiring Defendants to implement the Student's Pendency Feeding Therapy, and directed that a proposed Order be submitted;

**WHEREAS**, by Order dated October 3, 2023, the Court, *inter alia*, directed Defendants to immediately implement the Student's Pendency Feeding Therapy and to continue to do so until the Student's stay-put pendency entitlement terminates by order of the Court or operation of law;

**WHEREAS**, Defendants deny any and all liability arising out of Plaintiffs' allegations in the Amended Complaint; and

**WHEREAS**, the parties desire to resolve, without further proceedings and without any admission of fault or liability, all issues raised in the Federal Action;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the parties through the undersigned, as follows:

1. In consideration of the funding, provisions, and payments described below, and subject to the terms set forth below, the Federal Action is hereby dismissed, with prejudice, with the exception that any claims set forth in the Federal Action that are also raised/requested by the classes and subclasses in the action entitled *M.G. et al. v. N.Y. City Dep't of Educ. et al.*, Civil Action No. 13-CV-04639 (S.D.N.Y.), including Plaintiffs' request for injunctive and declaratory relief, are dismissed without prejudice.

2. Defendants shall fund the following compensatory education services (collectively, "Compensatory Banks of Services"):

    a. A bank of feeding therapy and/or OT in an amount up to $29,400.00 (Twenty-Nine Thousand Four Hundred Dollars and Zero Cents).

    b. A bank of 1:1 ABA, capped at 826 hours, in an amount up to $206,500.00 (Two Hundred Six Thousand Five Hundred Dollars and Zero Cents).

3. Defendants shall not be responsible for identifying, securing, offering, or obtaining any providers for the Compensatory Banks of Services.

4. Plaintiffs may use the Compensatory Banks of Services at any time from the date that this Stipulation of Settlement and Dismissal ("Stipulation") is executed for up to three and one-half (3.5) calendar years thereafter (the "Services End Date"). Any unused funds that remain in the Compensatory Banks of Services as of the Services End Date shall be forfeited.

5. Payment under this Stipulation will be contingent upon receipt of records indicating the actual receipt of the services specified in paragraph "2" of this Stipulation by the

Student and proof of costs. Any payment for the Compensatory Banks of Services must be for services actually delivered to the Student. Defendants shall remit payment for the Compensatory Banks of Services within 30 days of Defendants' receipt of a Substitute Form W-9 for the payee, and the following supporting documentation: (1) If Plaintiffs seek direct payment to the provider: records indicating the receipt of the services by the Student and the costs of services received, such as provider invoice(s)/statement(s), which should reflect the services provided, and the date, duration, and hourly rate of those services; (2) If Plaintiffs seek reimbursement: all documents listed in '1,' together with proof of payment, which shall include, as applicable, bank statements, credit card statements, or official statements from a payment application (which may be in the form of a CSV file) reflecting transfer of funds. Additional proof of payment or transfer of funds may be required in the form of affidavits from the Parent and/or service provider(s). The documentation referenced herein shall be submitted by one of the following methods:

    a. Preferred method: By e-mail to: NPSPSettlements@schools.nyc.gov (including the Student's name and Open Student Information System ("OSIS") number in the subject line); or

    b. By U.S. Mail to: New York City Department of Education, Bureau of Non Public School Payables, Attention: Settlements Unit, 65 Court Street, Room 1001, Brooklyn, New York 11201, return receipt requested; or

    c. By facsimile to: (718) 472-6101, Attention: Settlement Unit, Bureau of Non-Public School Payables.

6.     Defendants agree that, to the extent that the Student remains entitled to feeding therapy under the IDEA's pendency provision (20 U.S.C. § 1415(j)), Defendants will continue to provide — either directly or indirectly (by identifying, authorizing and paying any

provider) — any feeding therapy that is mandated pursuant to her pendency while an action is pending. This agreement to provide pendency feeding therapy (the "Pendency Feeding Therapy Commitment") shall be in force from the date that this Stipulation is executed for up to three and one-half (3.5) calendar years thereafter.

7. The parties agree to the following procedures as to the Pendency Feeding Therapy Commitment:

   a. The Parent must immediately notify Defendants in writing if a provider terminates, or intends to terminate, feeding therapy to the Student. All written notices may be made by email to daalexan@law.nyc.gov, or to such other person as Defendants may designate in writing;

   b. Should Defendants receive notice that feeding therapy has ceased or will cease, Defendants shall arrange for the Student's feeding therapy to be resumed as soon as practicable, and in any event no later than ten (10) business days following Defendants' receipt of such notice ("10-Business Day Notice Period"), or to continue without interruption.

   c. At all times, the Parent will cooperate with Defendants as they search for a provider who would bill Defendants directly, or as they search for an employee to provide the feeding therapy directly. Such cooperation may include, for example, agreeing to verify service details by signing provider invoices before those invoices are submitted for payment.

   d. In the event that Defendants are unable to secure a provider and arrange for feeding therapy to be initiated within the 10-Business Day Notice Period, then, on the eleventh business day, and on a weekly basis

      thereafter, Defendants shall update Plaintiffs as to the steps that Defendants have taken, and are taking, to secure a feeding therapist for the Student.

  e. Additionally, on the eleventh business day, the same date on which the first weekly status report is issued in (d) above, if Defendants have not arranged for a new feeding therapist, Plaintiffs may then provide Defendants with notice that DOE is in breach of this Stipulation. DOE shall have three (3) business days thereafter to resolve the issue and secure a feeding therapist for the Student. On the fifteenth business day (the fifth business day after the 10-Business Day Notice Period), Plaintiffs may file an application to reopen this case to seek enforcement of the Stipulation, with an emergency application for enforcement of the Pendency Feeding Therapy Commitment. Under such circumstances, Defendants will not oppose the application to reopen the case for enforcement. However, Defendants reserve their right to oppose any emergency enforcement application that Plaintiffs may file.

  f. The provider shall provide Defendants at least five business days' written notice in advance of any rate increase.

8. Defendants agree to pay Plaintiffs' counsel, The Law Office of Elisa Hyman, P.C., the sum of Fifty-Seven Thousand Dollars and Zero Cents ($57,000.00) for attorneys' fees, costs, and expenses accrued or incurred in the Federal Action.[1] Payment will be

---

[1] The amount of attorneys' fees in paragraph "8" is contingent upon the Court's approval of the Stipulation of Dismissal. If there are further proceedings required by the Court, such as an Infant

made by "PIP ETF" or check mailed to The Law Office of Elisa Hyman, P.C., 40 West 24th St., #4E, New York, NY 10010.

9. Defendants agree to pay Plaintiffs' administrative counsel, Law Office of Olga Vlasova, P.L.L.C., the sum of Thirty Thousand One Hundred Dollars and Zero Cents ($30,100.00) for attorneys' fees, costs, and expenses accrued or incurred in the underlying administrative proceedings – IH Case Nos. 228510 and 249853, including the appeal, SRO No. 22-176 (the "Administrative Proceedings").

10. In consideration of the payments, funding and terms set forth above, Plaintiffs, The Law Office of Elisa Hyman, P.C. and the Law Office of Olga Vlasova, P.L.L.C., agree to dismissal of all of Plaintiffs' claims in the Federal Action, and agree to release and discharge Defendants, the City of New York, their successors and assigns, and all present or former officials, employees, departments, agencies, representatives, directors, and agents of Defendants and the City of New York from any and all liabilities, claims, and/or rights of action that were raised in the Federal Action and the Administrative Proceedings, and that concern the Student and the 2022-2023 and 2023-2024 SYs (the "SYs at Issue"), including all claims for attorneys' fees, costs, and expenses accrued in the Federal Action and the Administrative Proceedings, subject to the exceptions in paragraph "11" below. Further, Plaintiffs agree not to file any new action seeking compensatory services or any other relief concerning the Administrative Proceedings or the SYs at Issue, or seeking attorneys' fees, costs, and/or expenses accrued in connection with the Federal Action and/or the Administrative Proceedings and/or the SYs at Issue, subject to the exceptions in paragraph "11" below.

---

Compromise Application, Court appearances and/or a hearing, Plaintiffs may seek additional attorneys' fees.

11. Exceptions: The releases, waivers, discharges and covenants not to re-file set forth in paragraph "10" exclude any claims and/or rights of action for:

(a) Enforcement of the terms of this Stipulation;

(b) Claims made and/or class relief obtained in the action entitled *M.G. v. N.Y. City Dep't of Educ.*, Civil Action No. 13-CV-04639, except that the Parent acknowledges that Plaintiffs are not entitled to any additional compensatory services or other individual relief in connection with the SYs at Issue;

(c) Claims concerning the 2024-2025 SYs and all future SYs; and

(d) The ability to seek attorneys' fees, costs, and expenses incurred or accrued in connection with claims or applications relating to paragraphs 11(a), 11(b), or 11(c) on which Plaintiffs have prevailed.

12. Plaintiffs, Plaintiffs' federal counsel, The Law Office of Elisa Hyman, P.C., and Plaintiffs' administrative counsel, Law Office of Olga Vlasova, P.L.L.C., shall each execute and deliver to the Defendants' attorney releases based on the terms above. Plaintiffs' federal and administrative counsel will also provide a substitute W-9 form. The provisions and payments described above are conditioned upon the delivery of the releases and substitute W-9 form to Defendants' attorney.

13. Nothing contained herein shall be deemed to establish or create any pendency rights for the Student, and the parties agree that they will not assert any rights to pendency or a pendency placement based solely on the terms of this Stipulation. Nothing in this stipulation can be used to establish that the Student is entitled to have feeding therapy included in her educational program.

14. Nothing contained herein shall be deemed to be an admission by any of the Defendants that they have in any manner or way violated any of the Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules, or regulations of the United States, the State of New York, the City of New York, the Defendants, or any other rules, regulations, or bylaws of any department or subdivision of the City or DOE.

15. This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except in an action or proceeding to enforce or address issues arising under the terms of this Stipulation and/or, if necessary, any administrative hearing during the time period that the DOE's Pendency Feeding Therapy Commitment is in effect, as set forth in paragraph "6" above.

16. Nothing contained in this Stipulation shall be deemed to constitute a policy or practice of the City or DOE.

17. This Stipulation contains all of the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time, or written agreement entered into prior to the execution of this Stipulation, regarding the subject matter herein shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

18. This Stipulation is final and binding on all Parties, as well as their successors and assigns. If the Court does not approve this Stipulation, or invalidates any provision of this Stipulation, the Stipulation will be considered null, void, and non-binding on all parties.

19. The Court will retain jurisdiction over the enforcement of this Stipulation.

20. Any dispute arising under the Stipulation and with regard to its enforcement can be presented to the Court. Prior to contacting the Court on any issue arising under the Stipulation, the Party seeking relief shall provide the other Party with written notice via email of

the nature and specifics of the issues for which relief will be sought. Counsel shall thereafter meet and confer in an attempt to resolve any outstanding issues described in such written notice, which must be provided at least fifteen (15) business days before either party contacts the Court regarding the dispute ("15-Business Day Meet-and-Confer Period"). If the Parties are not able to resolve the issues within the 15-Business Day Meet-and-Confer Period, counsel will thereafter, within a reasonable period of time, write to the Court. If the issue underlying the dispute raises irreparable harm, the 15-Business Day Meet-and-Confer Period is reduced to three (3) business days. Nothing in this paragraph shall override any provision of paragraph "6" above, including by reducing the 10-Business Day Notice Period and/or any other time-frame described in paragraph "6." If a dispute arising under this paragraph concerns attorneys' fees and costs incurred in connection with

*** THIS SPACE INTENTIONALLY LEFT BLANK ***

Stipulation compliance, the applicable meet-and-confer period shall be thirty (30) calendar days, rather than the fifteen (15) business days indicated above.

Dated: December 20, 2024
New York, New York

| THE LAW OFFICE OF ELISA HYMAN, P.C.<br>Attorneys for Plaintiffs<br>1115 Broadway, 12th Floor<br>New York, New York 10010<br>(646) 572-9075<br>eoconnor@specialedlawyer.com | MURIEL GOODE_TRUFANT<br>Corporation Counsel of the<br>City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-164<br>New York, New York 10007<br>(212) 356-2174<br>daalexan@law.nyc.gov |
|---|---|
| By: *Erin O'Connor*<br>Erin O'Connor, Esq.,<br>Of Counsel | By: *Darian Alexander*<br>Darian Alexander<br>Assistant Corporation Counsel |

SO ORDERED.

*Jeannette Vargas*

Hon. Jeannette A. Vargas, U.S.D.J.